THE MANISTEE RIVER IMPROVEMENT COMPANY v. HENRY
A. LAMPORT AND HENRY ALLEN.

*River improvement companies—Tolls.*

The statutory authority conferred by Comp. L. ch. 85 upon the Board of Control of St. Mary's Falls Ship Canal to fix the rates of toll to be charged by river improvement companies is not open to review except by the action of the Board itself.

The rates of toll as fixed by the Board of Control for River Improve-
ment Companies cannot be reviewed by the courts in an action to
recover the amount of the toll in a particular case; and such an
action cannot therefore be resisted on the ground that the tolls are
excessive or that the Board was imposed upon in fixing them.

Error to Manistee. Submitted Oct. 12. Decided Oct. 31.

ASSUMPSIT by the company to recover tolls as fixed by
the Board of Control. Defendants bring error. Affirmed.

*Hughes, O'Brien & Smiley* for appellants.

*Ramsdell & Benedict* and *Hanchett & Stark* for appellee.

MARSTON, J.   In my opinion the material questions
sought to be raised in the present case were disposed of by
this Court in *Benjamin v. Manistee River Imp. Co.* 42
Mich. 628.

The right of the Board of Control to fix tolls and that
their action in the premises could not be reviewed in this
Court was declared in that case.   That the Board is given a
large discretionary power in fixing the tolls is conceded, and
where such a power is given to a court or board the rule of
law is well settled that the conclusion arrived at is not sub-
ject to review.   The Legislature has committed to the
Board the duty of considering this question and of de-
termining and fixing the tolls to be charged, and has not
deemed it necessary or wise to point out any method of
reviewing their action.   Now if, as was said in the case
referred to, this Court has no control over this matter
because none has been given to it, would it not be con-
sidered passing strange, that in an action brought by the
Company to recover the tolls as fixed, we should review
the action of the Board and decide that they had exceeded
their authority, or that they had been imposed upon.

A much stronger reason exists in the present case, as
any decision herein arrived at would only bind the parties
hereto, and the next case arising upon evidence somewhat
different, we might arrive at different conclusions.   In
like manner, if this is an open question, as was pointed out

on the argument, different juries in cases arising might come to different conclusions on the same state of facts and thus the controversy never be authoritatively settled. Even should we think that false testimony had fraudulently been placed before the Board, as claimed, on which action was taken and reliance placed in fixing rates, still we think that would give this Court no right to assume jurisdiction, where none was given by law. If the Board has been imposed upon, or if the rates as fixed are too high, the Board has undoubted authority to reconsider the matter. This Court must assume that the Board will afford ample relief and protect itself from being imposed upon by fraudulent representations if such were made, where, as in this case, it has ample power in the premises.

The judgment must be affirmed with costs.

The other Justices concurred.